# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

VERNIE WHITE, et al.,

           Plaintiffs,

v.                                                                NO. CV-10-08128-PCT-JRG

UNITED STATES OF AMERICA,

           Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is the United States' Motion to Amend its Answer and to Withdraw Its Response to Plaintiffs' Request for Admissions [Docket 68]. For the reasons discussed below, this Motion is **DENIED** in part and **GRANTED** in part.

This action arises out of a school bus accident that occurred on May 19, 2009. According to the Complaint, the bus driver, Glenn Tate, was transporting students of Cibecue Community School when he negligently drove the bus off the road and down an embankment. The minor plaintiffs in this case, Rolynn and Rolland White, Jr., were both injured in the accident. (Am. Compl. at ¶ 10 [Docket 2]). The Complaint alleges that the bus was owned and operated under the authority of the United States. (*Id.*)

On July 22, 2010, the plaintiffs filed suit in this court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* The asserted jurisdictional basis for the suit is 28 U.S.C. § 1346(b). (Am. Compl. at ¶ 2 [Docket 2]). A Joint Motion for Extension of Time to File Answer [Docket 10] was filed on September 27, 2010, and an order was entered the following

day granting the motion. (Order Granting Mot. Extension of Time to File Answer [Docket 11]). Following the extension, the United States' Answer was filed on October 29, 2010.

In the Amended Complaint, the plaintiff claims that:

> On or about May 19, 2009, Plaintiffs Rolynn White and Rolland White, Jr., were passengers on a Cibecue Community School bus, which was owned by or operated under the authority of Defendant United States of America. The bus was driven by Glenn Thomas Tate, an employee of Cibecue Community School.

(Am. Compl. at ¶ 10 [Docket 2]).

In its Answer, the United States stated in pertinent part:

> Defendant admits that Plaintiffs Rolynn and Rolland White, Jr. were passengers on a Cibecue Community School bus on May 19, 2009. *Defendant further admits that the bus was driven by Glenn Thomas Tate, an employee of Cibecue Community School*. Defendant admits that the bus ultimately left the roadway and went down an embankment. Defendant denies that Mr. Tate drove the bus negligently.

(Answer to Am. Compl. at ¶ 10 [Docket 2]).

On March 15, 2011, the United States submitted Responses to Plaintiffs' (First) Request for Admissions and (Second) Non-Uniform Interrogatories to Defendant. (Mot. Amend, Ex. B [Docket 68-2]). In response to the plaintiffs' request that the United States admit liability "for the actions and/or inactions of the Cibecue School District," the United States responded as follows:

> Defendant objects to this request because it is overly broad, compound, vague, confusing, and misstates the United States' potential for liability under the Federal Tort Claims Act. Without waiving any objections or privileges, and subject to the Preliminary Matters, the United States denies RFA No. 1. *Defendant admits that Mr. Tate was a federal employee acting within the scope of his employment when the accident occurred on May 19, 2009.*

(*Id.* (emphasis added)).

A Scheduling Order in this case was entered on February 7, 2011.  Under the Scheduling Order, the deadline for joining parties and amending pleadings in this case was March 4, 2011.  (Scheduling Order at ¶ 2 [Docket 23]; Order Adopting Scheduling Order [Docket 25]).

On September 27, 2011, the United States filed a Notice of Conflict of Interest and Request to Continue Depositions [Docket 47].  In that notice, Assistant United States Attorney Suzanne Chynoweth notified the court that she was conflicted from continuing to represent the United States in the case.  The notice indicated that the United States intended to challenge the court's subject matter jurisdiction in future briefing.  The notice also requested that the court order that a previously scheduled deposition be continued until a new AUSA could be appointed to the case.  The court accepted Chynoweth's notification that a conflict of interest prevented her from continuing to work on the case.  In light of Chynoweth's assertion of a conflict of interest, the court ordered that the depositions scheduled for September 29, 2011, be rescheduled within 30 days.

On November 10, 2011, the United States filed the instant motion, seeking to amend its complaint and to withdraw its response to the plaintiffs request for admissions.

### A. Motion to Amend Complaint

#### 1. Good Cause Requirement

Rule 15(a) of the Federal Rules of Civil Procedure permits a complaint to be amended after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Once a pretrial scheduling order has set a deadline for amendments, however, Rule 15 no longer provides the standard for considering a motion to amend.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th

Cir. 1992). Instead, Rule 16(b) of the Federal Rules of Civil Procedure governs the entry and modification of the scheduling order that limits the time to file amended pleadings. *Id.* Specifically, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Thus, a party seeking to amend its pleadings after the time set by the scheduling order must satisfy the "good cause" standard of Rule 16(b). *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 975 F.2d at 608.

Under Federal Rule of Civil Procedure 16(b), a "court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). The primary inquiry under Rule 16(b)'s "good cause" standard is whether the party was diligent in seeking the amendment. *Johnson*, 975 F.2d at 609.

In this case, the United States has not offered any good cause for its failure to amend the complaint prior to the deadline in the scheduling order. Under the Scheduling Order, any motion to amend the pleadings was required to be filed by March 4, 2011. (Scheduling Order at ¶ 2 [Docket 23]; Order Adopting Scheduling Order [Docket 25]). The instant motion, which seeks to amend the pleadings, was not filed until November 10, 2011.

The United States has not explained to the court why its position on Tate's employment status has changed, nor has it offered any evidence that it was diligent in attempting to comply with the March 4 amendment deadline. Further, counsel for the United States conceded at oral argument that he did not believe the AUSA previously handling the case had good cause for failing to comply with the amendment deadline.

Based on these facts, the court **FINDS** that the United States has not demonstrated good cause for its failure to comply with the scheduling order as required by Rule 16(b).

   **2. Subject Matter Jurisdiction**

Although it has not shown good cause for its failure to comply with the amendment deadline in the Scheduling Order, the United States maintains that this court is nonetheless required to permit it to amend its pleadings because its Answer admitted a fact which is relevant to this court's subject matter jurisdiction. (*See* Answer to Am. Compl. at ¶ 10 [Docket 2]). The argument appears to be as follows: The United States' Answer admits the fact[1] that Tate was an employee of Cibecue Community School; when viewed together with other facts, the admitted fact may lead to the conclusion that Tate was also an employee of the federal government; Tate's status as an employee of the federal government is one element of the statute granting subject matter jurisdiction in this case; therefore, this court must permit an untimely amendment to the United States' pleadings to withdraw its previous admission that Tate was an employee of Cibecue Community School.

Subject matter jurisdiction is an Article III and statutory requirement. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 702 (1982). Because it operates as a restriction on federal sovereignty, subject matter jurisdiction cannot be created by any act of the parties. *Id.* Thus, principles of estoppel, consent, and waiver do not apply. *Id.*; *see also Kuntz v. Lamar Corp.*, 385 F.3d 1117, 1182 (9th Cir. 2004) ("[C]hallenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time"); *Richardson v. United States*, 943 F.2d 1107, 1113 (9th Cir. 1991) ("Subject matter jurisdiction cannot be conferred upon the

---

1   The United States conceded at oral argument that the challenged statement in its Answer is a factual admission. Thus, this court finds it unnecessary to discuss further whether this statement might be viewed as a legal conclusion or concession of jurisdiction.

courts by the actions of the parties and principles of estoppel and waiver do not apply."); *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1094 (9th Cir. 1985). A court may raise subject matter jurisdiction on its own motion and must do so at any point during the proceedings when it becomes apparent that jurisdiction is lacking. *Ins. Corp. of Ireland*, 456 U.S. at 702; *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884).

The United States' argument, in essence, is that because it is entitled to raise subject matter jurisdiction at any time during the proceedings, it is also entitled to amend its pleadings at any time, at least to the extent that the pleadings admit facts that have some bearing on jurisdiction. The United States maintains that this is so because subject matter jurisdiction cannot be created by consent, waiver, or estoppel. In support of this preposition, the United States relies heavily on the Supreme Court's decision in *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). In *Kroger*, the plaintiff, Kroger, was an Iowa citizen. The defendant, Owen, admitted in its pleadings that it was "a Nebraska corporation." *Kroger v. Owen Equip. & Erection Co.*, 558 F.2d 417, 418 (8th Cir. 1977), *overruled by Kroger*, 437 U.S. at 365. On the third day of trial, it came to light that Owen's principal place of business was actually in Iowa. Based on this fact, Owen moved to dismiss the case for lack of subject matter jurisdiction because complete diversity did not exist. *Id.* The Eighth Circuit found that the district court had not abused its discretion in exercising jurisdiction over the case. The court further stated that even if the court had abused its discretion, the defendant was estopped from asserting lack of subject matter jurisdiction because "despite the fact that defendant has exclusive possession of the knowledge of the extent of its own business in Iowa, it remained silent on this issue until more than two years subsequent to the filing of the amended complaint." *Id.* The Supreme Court reversed. *Kroger*, 437 U.S. at 365. The

Court's primary holding in *Kroger* is that ancillary jurisdiction may not be applied to allow a claim of a non-diverse plaintiff to proceed against a third party defendant. *Id.* In a footnote, the Court also rejected the Eighth Circuit's position that the defendant could be estopped from asserting lack of subject matter jurisdiction. *Id.* at 377 n.21. The Court stated that because the district court lacked jurisdiction over the lawsuit, "the asserted inequity in the respondent's alleged concealment of its citizenship is irrelevant. Federal judicial power does not depend upon 'prior action or consent of the parties.'" *Id.* (citing *Am. Fire & Cas. Co. v. Finn*, 342 U.S. at 17–18). Thus, this court understands footnote 21 of *Kroger* to reiterate the firmly established principle that a party cannot be estopped from challenging subject matter jurisdiction.

The issue of whether the United States may amend its answer at this late stage in the proceedings, however, is not a question of estoppel. It is well established that a party may not be estopped from challenging subject matter jurisdiction. That is not to say that a party is permitted to amend its pleading at any time simply because the pleading contains admitted facts which have some bearing on jurisdiction.

There is a distinction between an admission of jurisdiction and an admission of a fact that serves in part to establish jurisdiction. *Ry. Co. v. Ramsey*, 22 Wall. 322, 89 U.S. 322, 323 (1874) ("Although consent of the parties to a suit cannot give jurisdiction to the courts of the United States, the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission."); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 (4th Cir. 2004) ("While it is axiomatic that consent of parties cannot give the courts of the United States jurisdiction, it is also true that the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." (internal quotations omitted)); *United*

*States v. Prince*, 8 Fed.Appx. 849, 849 (9th Cir. 2001) ("Although subject matter jurisdiction is generally not a waivable defense, the parties may admit to facts sufficient to confer jurisdiction."); *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550–51 (6th Cir. 1986) (observing a "distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish subject matter jurisdiction"); *Verzosa v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 589 F.2d 974, 975 (9th Cir. 1978) ("A stipulation of fact has the force of a finding. . . . This is true though the fact is jurisdictional."). In this case, the challenged admission is not a concession of jurisdiction. Rather, it is an admission of a fact which may, when viewed together with other facts, lead to the legal conclusion that jurisdiction is proper. The United States has offered no authority that permits or requires this court to grant leave to amend the pleadings at this stage of the proceedings simply because the United States wishes to take back a previously-admitted fact that may support jurisdiction.

For the reasons discussed above, the court **FINDS** that the United States has not shown good cause for its failure to comply with the scheduling order as required by Federal Rule of Civil Procedure Rule 16(b). The United States' Motion to Amend its Answer is therefore **DENIED**.

B. **Motion to Withdraw Response to Request for Admissions**

Federal Rule of Civil Procedure 36 governs Requests for Admissions. Under the rule, once admitted, a matter is "conclusively established unless the court on motion permits withdrawal or amendment of the admission" under to Rule 36(b), which provides in pertinent part:

> Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The Ninth Circuit has been clear that this rule is permissive in nature. A court may exercise its discretion to permit withdrawal or amendment of an admission only when the two-prong requirements of the rule have been met. *Id.* at 621. Thus, the party seeking relief from the admission must establish that withdrawal or amendment would 1) promote the presentation of the merits, and 2) not prejudice the party who requested the admission. Fed. R. Civ. P. 36(b).

The first issue, therefore, is whether permitting the United States to withdraw its admission would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). "The first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). In this case, the challenged admission goes directly to an important element of the plaintiff's case. If the United States is not permitted to withdraw its admission, it has conceded that Tate was a federal employee acting within the scope of his employment, and has thereby foreclosed one of its principal arguments against both federal liability and this court's subject matter jurisdiction. In light of these facts, the court **FINDS** that permitting the United States to withdraw its admission will promote the presentation of the merits of the action as required by the first prong of Rule 36(b).

The second prong of the Rule 36(b) test is whether withdrawal "would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). In *Hadley v. United States*, the Ninth Circuit was clear that:

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth." Rather it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of

> key witnesses, because of the sudden need to obtain evidence with
> respect to the questions previously deemed admitted.

45 F.3d 1345 (9th Cir. 1995) (quoting *Brook Vill. N. Assocs. V. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). The party seeking to rely on the admission has the burden of proving that withdrawal would be prejudicial. *Hadley*, 45 F.3d at 1348. In this case, the plaintiffs have not established that they will be prejudiced if the defendant is permitted to withdraw its admission. The plaintiffs have pointed to the delay caused by the United States' motions and the time and money already expended in litigating this case. This in itself, however, is not enough to meet their burden under Federal Rule of Civil Procedure 36(b) which requires a showing of prejudice "in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). *See* Hadley v. United States, 45 F.3d 1345 (9th Cir. 1995) ("The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." (internal quotations omitted)).

For these reasons, the court **FINDS** that the plaintiffs have not demonstrated prejudice as required by Federal Rule of Civil Procedure 36(b). The court therefore **GRANTS** the United States' Motion to Withdraw its Response to Plaintiffs' Request for Admissions.

For the reasons discussed above, the United States' Motion for Leave to Amend its Answer and to Withdraw Its Response to Plaintiffs' Request for Admissions is **DENIED** in part and **GRANTED** in part. The court **ORDERS** that the United States may withdraw its Response to Plaintiffs' Request for Admissions. The United States is not permitted to amend its answer at this point in the proceedings.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 9, 2011

Joseph R. Goodwin, Chief Judge